### PITTSBURG–WESTMORELAND COAL CO. v. KERR et al.

#### (Supreme Court, Erie County, Equity Term. June, 1912.)

SUBROGATION (§ 41*)—CONVERTED FUNDS—PAYMENT OF NOTE.

    A complaint, alleging that defendant K. executed a note to defendants' intestate for $2,500, which was discounted by a bank for the payee, and that, after protest, K. paid the bank the amount due on the note out of plaintiff's funds in his hands, as plaintiff's agent, and received by the bank in ignorance of the fact that the money belonged to plaintiff, on which payment the bank delivered the note and certificate of protest to same, to K., who thereupon destroyed the same, alleged sufficient facts to entitle plaintiff to subrogation to the rights of the bank against the estate of the payee, since K.'s wrongful use of plaintiff's money to pay the note did not constitute a payment by him, but would be presumed to have been used to procure the note for plaintiff's benefit.

    [Ed. Note.—For other cases, see Subrogation, Cent. Dig. §§ 109–118; Dec. Dig. § 41.*]

Action by the Pittsburg-Westmoreland Coal Company against John K. Kerr and others as administrators of William B. Kerr, deceased, and others. On demurrer to plaintiff's complaint for want of facts. Overruled.

Gibbons & Pottle, for plaintiff.

Robert J. Cooper, Roland Baxter, and Norman D. Fish, for defendants.

BROWN, J. The Marine National Bank of Buffalo on the 24th day of October, 1911, was the owner and holder of a certain promissory note of $2,500, made by the defendant John K. Kerr to the order of defendants' intestate, William B. Kerr, which on the 23d day of October had been duly protested for nonpayment. On the 24th day of October John K. Kerr paid to the bank the amount due on such note out of funds in his possession belonging to, and being the property of, the plaintiff, such funds having been received by John K. Kerr as agent of the plaintiff; the bank being in ignorance of the fact that the money belonged to the plaintiff. Upon such payment the bank delivered the note, with certificate of protest attached, to John K. Kerr, who thereupon destroyed the same. The plaintiff, upon learning of the conversion of its money by its agent, John K. Kerr, and of its use in taking up such note, brought this action to have it adjudged that it be subrogated to the rights of the bank, that it is the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

owner and holder of such note, and that it have judgment against the defendant administrators.

It is believed that such facts constitute a cause of action. The note has not been discharged. It was not paid in due course by the principal debtor. Whatever there was as to the payment of the money to the bank it was simply passing to the bank the money of the plaintiff by John K. Kerr. He wrongfully used the plaintiff's money in that act. It was not a payment by him. It was an attempt by John K. Kerr to pay the note with plaintiff's money. To make a valid payment of the note with plaintiff's money plaintiff must have assented thereto. While it may be true as against the bank, the transaction amounted to vesting perfect title to the money in the bank, but, as it was not a payment of the note, there does not seem to be any good reason why the transaction should not be treated as a purchase of the note with the plaintiff's money. John K. Kerr, the principal debtor, having plaintiff's money in his possession and under his control, must be deemed to have used the money under an implied agreement that it should be used for plaintiff's benefit. The plaintiff, in fact, has had its money used to take up the note at the request of the debtor, John K. Kerr. If it was a payment, it was a payment made by the plaintiff at the request of the debtor, John K. Kerr. Such a payment was not a payment by a mere volunteer. John K. Kerr was bound to use the plaintiff's money for the plaintiff's benefit. It was within his physical power to use the money to purchase the note. Such purchase would make the plaintiff the holder thereof who alone could lawfully cancel it. The cancellation by the bank was not an intentional cancellation by the holder. It was a mistaken cancellation. The plaintiff's money having been so used by John K. Kerr, the principal debtor, to satisfy the claim of the bank to the note, it would seem to be equitable and just that the plaintiff should be held to have acquired all the rights and benefits then owned by the bank by virtue of the note.

Upon discovery that the money paid it by defendant John K. Kerr was the property of the plaintiff, the bank could have returned the money to the plaintiff, and then recovered on the note against the maker and the indorser. Why cannot the plaintiff recover from the maker and the indorser as well? Neither of them have paid the note. Their liability has not been discharged.

Demurrers overruled, with leave to answer on paying costs within 20 days.